```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
GUSTAVIA HOME, LLC,

                                    Plaintiff,

              -against-

DEBRA A. DERBY, RICARDO VAZ, 461
QUINCY LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, and
JOHN DOES 1-12,

                                    Defendants.
----------------------------------------------------------------- x
```

ORDER

16-cv-4260 (ENV) (SMG)

VITALIANO, D.J.

This action was filed on August 1, 2016, by plaintiff Gustavia Home, LLC, against defendants Debra A. Derby, Ricardo Vaz, 461 Quincy LLC, the New York City Environmental Control Board, and John Does 1-12. Dkt. No. 1. The time for defendants to respond to the complaint lapsed, and so Gustavia moved for a certificate of default, which the Clerk of Court granted, as to all defendants but Vaz, on December 30, 2016. Entry of Default entered on December 30, 2016. Gustavia then filed a motion for default judgment, Dkt. No. 12, which was denied because a certificate had not been obtained against Vaz. Gustavia sought the requisite certificate, which the Clerk of Court granted on May 9, 2018, prompting a new motion for default judgment. Dkt. No. 16. The motion was referred to Magistrate Judge Gold for an assessment of liability and an inquest as to damages. See Order, June 27, 2018.

By Report and Recommendation ("R&R"), dated August 31, 2018, Judge Gold recommended that the motion for a default judgment be granted in part and denied in part. Dkt. No. 23. Specifically, Judge Gold carefully determined that default judgment was warranted against Derby, Vax, and 461 Quincy LLC, but that default judgment was not warranted against

1

ECB. *Id.* at 5-9. Judge Gold recommended that Gustavia Home be awarded $285,011.28 in damages for unpaid amounts due on the loan, with pre-judgment interest at a per diem rate of $65.40 from July 1, 2008, through the entry of final judgment; and $1415.08 in late fees. He also recommended that a referee be appointed and that the Court enter a Judgment of Foreclosure and Sale. *Id.* at 12. With notice of the time to object properly given, *see id.* at 12-13, no party has filed an objection to the R&R, and the time to do so has passed.

Where no timely written objection has been filed, clear-error review applies in the district judge's review of the R & R. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). In accordance with that standard of review, the Court has carefully examined Judge Gold's R&R, and finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

## Conclusion

For the foregoing reasons, Magistrate Judge Gold's R&R, Dkt. No. 23, dated August 31, 2018, is adopted in its entirety, as the opinion of the Court.

The Clerk of Court is directed to enter judgment for plaintiff against defendants Debra Derby, Ricardo Vaz, and 461 Quincy LLC in the amount of $285,011.28 in damages for unpaid principal and interest; $1415.18 in late fees; and with pre-judgment interest at a per diem rate of $65.40 from July 1, 2008, through the entry of final judgment, which is to be computed and entered by the Clerk. The motion to appoint a referee is granted. Plaintiff shall submit, within 14 days of the entry of this Order, a proposed Judgment of Foreclosure and Sale. The action as to all other defendants is dismissed without prejudice.

So Ordered.

Dated: Brooklyn, New York
       October 4, 2018

                                    /s/ USDJ ERIC N. VITALIANO
                                    ERIC N. VITALIANO
                                    United States District Judge